MARY J. L. OWEN, Respondent, *v.* ROCHESTER-PENFIELD BUS COMPANY, INC., Appellant.

Third Department, March 7, 1951.

*Austin W. Erwin* and *Austin W. Erwin, Jr.,* for appellant.

*A. H. Harpending* and *F. M. Hunt* (*H. A. Jerry, Jr.,* of counsel), for respondent.

COON, J. Plaintiff, then eighteen years of age, boarded defendant's bus at Bath, N. Y., and traveled thereon to Rochester, N. Y., on December 1, 1946. It is her contention that the defendant was negligent in that the bus was improperly heated and as a result she suffered frostbitten feet. She has recovered a verdict and judgment on this theory, from which this appeal is taken.

Plaintiff was a student at a school in Rochester and lived in a dormitory there. She had spent the Thanksgiving recess at her home in the town of Tyrone and was returning to Rochester. She traveled by car from her home to Bath. She testified that the weather was cold and snowy and the bus was cold when she boarded it and remained cold throughout the trip. Upon arrival in Rochester she walked through snow, getting her feet wet, to a cab and traveled by cab to her dormitory, where she found that her feet were white and numb, and thereafter caused her severe discomfort. On the trip her feet were dressed in wool socks and saddle shoes without rubbers or overshoes. Her sister and brother-in-law, who were also on the bus, testified that " somebody " on the bus told the driver to turn on the heat and that he replied that he could not because the heater was out of order. This is disputed by the driver and there is substantial evidence that the heaters were working. However, upon this conflict of testimony the jury could have found that the bus was cold and that the heaters were not working properly.

The plaintiff was and had been from early infancy afflicted with a chronic valvular heart lesion and enlargement accompanied by low blood pressure. This condition was known to plaintiff and her mother and had been for many years. This condition was not made known to the defendant or its driver, nor was it apparent. There is no evidence that the plaintiff or anyone in her behalf complained to the driver of the cold, or that her feet were cold. There is no evidence that she requested any additional protection. There were approximately forty passengers on the bus, some standing in the aisles. So far as appears, none of them suffered any ill effects from the trip. None of them were called as witnesses except the plaintiff's sister, her brother-in-law and the driver.

The bus was scheduled to leave Bath at 6:10 P.M., and was due in Rochester at 8:45 P.M. It was late and arrived at about 10:00 P.M. It is the undisputed evidence that the official U. S. Weather Bureau temperatures recorded at Rochester on that day were: 26° above zero at 5:25 P.M.; 25° at 6:25 P.M.; 24° at 7:25 P.M.; 19° at 8:25 P.M., and 17° at 9:25 P.M. It does not appear what the temperature was inside the bus, but common sense dictates that in an enclosed bus containing forty people the temperature would be somewhat higher than out of doors, even without artificial heat.

It is likewise undisputed, and, in fact, is the testimony of plaintiff's doctor, that the average normal person is not sus-

ceptible to frostbite from 10° above zero upward, and that a person of poor circulation would be more susceptible. It necessarily follows that plaintiff would not have suffered the injury from which she complains, or any injury, except for her own latent physical impairment.

Upon this state of facts the question is squarely presented whether a common carrier is liable in negligence for injuries to a passenger suffering from a secret impairment when no injury would have resulted except for such impairment. It is well established that a common carrier may be held to a higher degree of care to prevent injury to persons who are ill, aged or infirm, if the infirmity is known or should have been known. " It would seem certain that this result would follow only where the one charged with negligence either had knowledge of the infirmity of the other or, in the exercise of due care, should have had such knowledge." (3 Warren on Negligence in New York Courts, § 137.) American Jurisprudence (Vol. 10, Carriers, § 1273, p. 184) says: " As a general rule a common carrier of passengers is under no duty to anticipate or guard against an injurious result which would only occur to a person of abnormal peculiar sensitiveness ".

Plaintiff's injuries did not come within the realm of reasonable foreseeability. Defendant was under no legal duty to guard against dangers which could not reasonably be foreseen. In *Lane* v. *City of Buffalo* (232 App. Div. 334), Mr. Justice EDGCOMB says at page 338: " Negligence is to be gauged by the ability of one to anticipate danger. The test of actionable negligence is not what could have been done to have prevented a particular accident, but what a reasonably prudent and careful person would have done under the circumstances in the discharge of his duty to the injured party. Failure to guard against a remote possibility of accident, or one which could not, in the exercise of ordinary care, be foreseen, does not constitute negligence." As phrased by Chief Judge CARDOZO in *Palsgraf* v. *Long Island R. R. Co.* (248 N. Y. 339, 344): " The risk reasonably to be perceived defines the duty to be obeyed ". That no injury was sustained by other passengers demonstrates that there was no danger which could be reasonably apprehended. Had defendant been advised of plaintiff's condition it might well have afforded her some form of additional protection. There are doubtless passengers who suffer ill effects from too much heat. Some individuals might be allergic to the material from which the bus cushions are made or to innumerable conditions which exist

from time to time on a bus. To hold a carrier liable for injuries or illness to all persons normal and abnormal, especially when the abnormality is not known, would make a carrier an insurer of the well-being of all passengers. As yet the point has not been reached where such is the law.

A statute is involved here which we do not think affects liability. Subdivision 1 of section 60-a of the Public Service Law, reads in part as follows: "Every omnibus corporation shall furnish and provide with respect thereto, such service and facilities as shall be safe and adequate and in all respects just and reasonable ". This statute deals with reasonableness, and as we interpret this language, it requires nothing more than reasonable facilities, safe for normal individuals.

The cases cited by respondent are readily distinguishable. They all deal with foreseeable danger to normal persons and acts which would constitute negligence to normal persons, and stand only for the proposition that a party once guilty of such negligence, cannot escape added *consequences* or damages because of a previously existing physical condition. Here plaintiff would not have been injured at all but for her previous physical condition.

The judgment should be reversed on the law and facts and the complaint dismissed, without costs.

FOSTER, P. J., HEFFERNAN, BREWSTER and BERGAN, JJ., concur.

Judgment reversed, on the law and facts, and complaint dismissed, without costs. [See *post,* p. 985.]